**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1744**

RONALD BARRANCO; PRINT3D CORPORATION, a Nevada corporation,

Plaintiffs - Appellees,

v.

3D SYSTEMS CORPORATION, a Delaware corporation; 3D SYSTEMS, INC., a California corporation,

Defendants - Appellants,

and

DAMON GREGOIRE; JOHN DOES 1-10; JANE DOES 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10,

Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cv-00188-RJC-DSC)

Submitted: April 30, 2018                    Decided: May 31, 2018

Before MOTZ, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William W. Wilkins, Greenville, South Carolina, Nikole Setzler Mergo, NEXSEN PRUET, LLC, Columbia, South Carolina, for Appellants. Mark Poe, GAW | POE LLP, San Francisco, California; Jared E. Gardner, GARDNER SKELTON PLLC, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

3D Systems Corporation and 3D Systems, Inc. (collectively, "3D Systems") appeal from the district court's order denying their motion to vacate or modify an arbitration award entered in favor of Ronald Barranco and Print3D Corporation (collectively, "Appellees") and confirming the award.[1]  We affirm.

Barranco and Deelip Menezes,[2] co-owners of Print3D Corporation ("Print3D"), entered into an acquisition agreement ("the Agreement") through which 3D Systems purchased Print3D.  Under the Agreement, upon the satisfaction of certain terms, 3D Systems agreed to split evenly between Barranco and Menezes a percentage of Print3D revenues ("the earn-outs") for three years.  3D Systems further agreed to operate Print3D "as a separate profit center and as a going concern in the ordinary and proper course" ("the going concern term"), and hire Barranco and Menezes as managers of 3D Systems' Print3D division ("the manager term").

After the acquisition, 3D Systems employed Barranco as a manager in its Print3D division but later terminated his employment.  3D Systems did not pay any earn-outs because the conditions precedent were not satisfied.  Contending that 3D Systems violated the Agreement by failing to adequately develop Print3D, Appellees submitted

---

[1] While Appellees also filed suit in the district court against Damon Gregoire—the Senior Vice President and Chief Financial Officer of 3D Systems—and several unknown defendants, these defendants were not party to the arbitration proceeding and are not party to this appeal.

[2] Menezes is not a party to this action.

3

the matter to mandatory arbitration. Applying New York law as provided in the Agreement, the arbitrator ruled in favor of Barranco, finding that 3D Systems breached (1) the manager term, (2) the going concern term, (3) the implied requirement for best efforts, and (4) the implied covenant of good faith and fair dealing. To correct discrepancies in the original award, the arbitrator sua sponte issued a modified award incorporating minor changes.

We review the district court's denial of a motion to vacate or modify an arbitration award de novo and its factual findings for clear error. *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010). "Our authority to review the arbitration award at issue, like the authority of the district court to do the same, is substantially circumscribed," as "the scope of judicial review for an arbitrator's decision is among the narrowest known at law." *Id.* (alteration and internal quotation marks omitted). "[N]either misinterpretation of a contract nor an error of law constitutes a ground on which an award can be vacated" and, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* at 861, 862 (internal quotation marks omitted).

We may modify an arbitration award in order to effect the intent of the award and "promote justice between the parties" when there is "an evident material miscalculation of figures," 9 U.S.C. § 11 (2012), that is, a "mathematical error [that] appears on the face of the award." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.,* 142 F.3d 188, 194 (4th Cir. 1998). As relevant here, we may vacate an arbitration award "where the arbitrator[]

4

exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," 9 U.S.C. § 10(a)(4) (2012), or on common law grounds, *i.e.*, "where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *MCI Constructors*, 610 F.3d at 857 (internal quotation marks omitted). "An arbitration award fails to draw its essence from the agreement only when the result is not rationally inferable from the contract," such as when "an arbitrator has based his award on his own personal notions of right and wrong." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 235 (4th Cir. 2006) (internal quotation marks omitted). "[A] manifest disregard of the law is established only where the arbitrator understands and correctly states the law, but proceeds to disregard the same," such as "disregard[ing] or modif[ying] unambiguous contract provisions." *Id.* (internal brackets and quotation marks omitted).

3D Systems first claims that the award should be vacated because the arbitrator impermissibly ruled on whether 3D Systems breached the Agreement's manager term—a matter not submitted to arbitration—and awarded damages based on the breach. "In evaluating whether an arbitrator has exceeded his power, . . . any doubts concerning the scope of arbitrable issues" or "the scope of the arbitrators' remedial authority, are to be resolved in favor of the arbitrators' authority." *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 531 (4th Cir. 2007) (internal quotation marks omitted). Further, "[w]e will . . . not vacate an arbitral award for an erroneous application of the law if a proper application of law would have yielded the same result." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 390 (2d Cir. 2003).

5

We decline to disturb the award based on the arbitrator's ruling on the manager term because, even if the arbitrator erred in determining that 3D Systems breached the manager term, the damages award is sufficiently supported by the arbitrator's finding of three other breaches. Further, our review of the award makes it clear that, regardless of the specific breaches, the arbitrator awarded damages after finding that 3D Systems' actions as a whole prevented Print3D from realizing the potential earn-outs.

3D Systems next contends that the award should be vacated or modified because the arbitrator awarded Barranco all of the potential earn-out and the amended award violated AAA Commercial Rule 50 and the common law doctrine of *functus officio*. The district court did not err in refusing to modify the damages pursuant to 9 U.S.C. § 11(a) because 3D Systems failed to allege a "mathematical error [that] appears on the face of the award." *See Apex Plumbing Supply, Inc.,* 142 F.3d at 194. Pursuant to Menezes' assignment of his Print3D rights to Barranco, the arbitrator also did not exceed his authority, fail to draw the award's essence from the Agreement, or manifestly disregard the law in awarding Barranco the entirety of the potential earn-out. The fact that the arbitrator did not specifically mention the assignment does not constitute grounds for vacating the award. *See Brown & Pipkins, LLC v. Serv. Employees Int'l Union*, 846 F.3d 716, 724 (4th Cir. 2017) ("To require an arbitrator to address every single provision of any relevance whatsoever in a contract would be to require an arbitrator's award to be free of ambiguity—a standard we have rejected."). Further, the amended award did not violate *functus officio* or AAA Commercial Arbitration Rule 50 because it contained only minor changes for purposes of clarification. *See Int'l Bhd. of Elec. Workers, Local Union*

6

*824 v. Verizon Florida, LLC*, 803 F.3d 1241, 1245 (11th Cir. 2015) (providing that under *functus officio* and Rule 50, "an arbitrator may correct clerical, typographical, or computational errors in a final award, [but] has no power to revisit the merits of the award after it has issued").

Finally, 3D Systems argues that the award should be vacated or modified because the arbitrator failed to follow the parties' agreed-upon methodology or the Agreement's fee-sharing provision in calculating attorney's fees and costs. By complaining of a contract interpretation error rather than a mathematical error, 3D Systems again fails to show entitlement to modification of the award under 9 U.S.C. § 11(a). *See Apex Plumbing Supply, Inc.,* 142 F.3d at 194. 3D Systems also does not establish grounds for vacation of the award because the arbitrator's methodology followed the exact language of the unambiguous fee-sharing provision, the Agreement prevented the arbitrator from amending its terms, and the arbitrator was not bound by the parties' agreed-upon methodology.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*